IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTINE SECILIA, | CIVIL ACTION |
| Plaintiff, | No. 2:13-cv-00223 |
| v. | |
| CHIEF FRANK MOSESSO and MOUNT OLIVER BOROUGH, | ELECTRONICALLY FILED |
| Defendants. | |

### ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendants, Mount Oliver Borough and Chief Frank Mosesso, by and through their undersigned counsel, file the following Answer and Affirmative Defenses to the Plaintiff's Complaint.

### I.     Introduction

1. The averments in Paragraph 1 are denied as a conclusion of law.

### II.     Parties

2. The averments in Paragraph 2 do not require a response.

3. The averments in Paragraph 3 are admitted upon information and belief.

4. The averments in Paragraph 4 are admitted.

5. The averments in Paragraph 5 contain a conclusion to law to which no response is required.  To the extent a response is required, said averments are denied.

6. The averments in Paragraph 6 contain a conclusion to law to which no response is required.  To the extent a response is required, said averments are denied.

7. The averments in Paragraph 7 are denied.

8. The averments in Paragraph 8 contain a conclusion to law to which no response is required. To the extent a response is required, said averments are denied.

### III. Jurisdiction and Venue

9. The averments in Paragraph 9 do not require a response.

10. The averments in Paragraph 10 contain a conclusion to law to which no response is required. To the extent a response is required, said averments are denied.

11. The averments in Paragraph 11 contain a conclusion to law to which no response is required. To the extent a response is required, said averments are denied.

12. The averments in Paragraph 12 contain a conclusion to law to which no response is required. To the extent a response is required, said averments are denied.

13. The averments in Paragraph 13 contain a conclusion to law to which no response is required. To the extent a response is required, said averments are denied.

14. The averments in Paragraph 14 contain a conclusion to law to which no response is required. To the extent a response is required, said averments are denied.

15. The averments in Paragraph 15 are admitted.

### IV. Procedural and Administrative Remedies

16. The averments in Paragraph 16 do not require a response.

17. The averments in Paragraph 17, and relevant subparts, contain a conclusion to law to which no response is required. To the extent a response is required, said averments are denied.

### V. Factual Background

18. The averments in Paragraph 18 do not require a response.

19. The averments in Paragraph 19 are admitted upon information and belief.

20. The averments in Paragraph 20 are admitted in part and denied in part. It is admitted that the Plaintiff was hired as a police officer on or about August 2003. The remaining averments are denied.

21. The averments in Paragraph 21 are denied.

22. The averments in Paragraph 22 are denied.

23. The averments in Paragraph 23 are denied.

24. The averments in Paragraph 24 are denied.

25. The averments in Paragraph 25 are denied.

26. The averments in Paragraph 26 are denied.

27. The averments in Paragraph 27 are denied as stated. It is admitted that the Plaintiff and Defendant Mosesso had a personal relationship, much of which was encouraged and initiated by the Plaintiff.

28. The averments in Paragraph 28 are denied.

29. The averments in Paragraph 29 are denied.

30. The averments in Paragraph 30 are denied.

31. The averments in Paragraph 31 are denied.

32. The averments in Paragraph 32 are denied.

33. The averments in Paragraph 33 are denied.

34. The averments in Paragraph 34 are denied. Defendant Mosesso was specifically invited by the Plaintiff to attend Easter dinner with her family.

35. The averments in Paragraph 35 are denied.

36. The averments in Paragraph 36 are denied.

37. The averments in Paragraph 37 are denied.

38. The averments in Paragraph 38 are denied.

39. The averments in Paragraph 39 are denied.

40. The averments in Paragraph 40 are denied.

41. The averments in Paragraph 41 are denied.

42. The averments in Paragraph 42 are denied as stated. On November 8, 2011, Chief Mosesso, assigned Sergeant Williams to be the "Second in Command".

43. The averments in Paragraph 43 are denied.

44. The averments in Paragraph 44 are denied as stated. It is admitted that the Plaintiff drafted a resignation letter, but it is not known when the Plaintiff drafted the same. The remaining averments are denied.

45. The averments in Paragraph 45 are denied.

46. The averments in Paragraph 46 are denied.

47. The averments in Paragraph 47 are denied as stated. It is admitted that Chief Mosesso reorganized several areas of the Police Department in November 2011.

48. Defendants are without information and belief as to the truth of the averment in Paragraph 48, as such said averments are denied.

49. Defendants are without information and belief as to the truth of the averment in Paragraph 49, as such said averments are denied.

50. Defendants are without information and belief as to the truth of the averment in Paragraph 50, as such said averments are denied.

51. Defendants are without information and belief as to the truth of the averment in Paragraph 51, as such said averments are denied.

52. The averments in Paragraph 52 are denied.

53. The averments in Paragraph 53 are denied.

54. The averments in Paragraph 54 are denied.

55. The averments in Paragraph 55 are denied.

56. The averments in Paragraph 56 are denied.

**Count I**
**Title VII – Gender Discrimination**
**Plaintiff Christine Secilia v. Defendant Borough**

57. The allegations contained in paragraphs 1 through 56 of the Plaintiff's Complaint are incorporated by reference herein as if the same were set forth at length. The averments in Paragraph 57 do not require a response.

58. The averments in Paragraph 58 are denied.

59. The averments in Paragraph 59 are denied.

WHEREFORE, Defendants, Mt. Oliver Borough and Chief Frank Mosesso respectfully requests this Honorable Court enter judgment in its favor and against the Plaintiff. Further, Defendant respectfully requests that Plaintiff's Complaint be dismissed with prejudice and without costs, and that the Court award Defendant attorneys' fees, costs and any such further relief that the Court may deem appropriate.

**Count II**
**Pennsylvania Human Relations Act**
**Plaintiff Christine Secilia v. Defendant Borough**

60. The allegations contained in paragraphs 1 through 59 of the Plaintiff's Complaint are incorporated by reference herein as if the same were set forth at length. The averments in Paragraph 60 do not require a response.

61. The averments in Paragraph 61 are denied.

62. The averments in Paragraph 62 are denied.

WHEREFORE, Defendants, Mt. Oliver Borough and Chief Frank Mosesso respectfully requests this Honorable Court enter judgment in its favor and against the Plaintiff.  Further, Defendant respectfully requests that Plaintiff's Complaint be dismissed with prejudice and without costs, and that the Court award Defendant attorneys' fees, costs and any such further relief that the Court may deem appropriate.

**Count III**
**Pennsylvania Human Relations Act**
**Aiding and Abetting Discrimination**
**Plaintiff Christine Secilia v. Defendant Mosesso**

63. The allegations contained in paragraphs 1 through 62 of the Plaintiff's Complaint are incorporated by reference herein as if the same were set forth at length.  The averments in Paragraph 63 do not require a response.

64. The averments in Paragraph 64 are denied.

65. The averments in Paragraph 65 are denied.

66. The averments in Paragraph 66 are denied.

WHEREFORE, Defendants, Mt. Oliver Borough and Chief Frank Mosesso respectfully requests this Honorable Court enter judgment in its favor and against the Plaintiff.  Further, Defendant respectfully requests that Plaintiff's Complaint be dismissed with prejudice and without costs, and that the Court award Defendant attorneys' fees, costs and any such further relief that the Court may deem appropriate.

**[Second] Count III**
**42 U.S.C. § 1983**
**Plaintiff Christine Secilia v. Defendant Mosesso**

67. The allegations contained in paragraphs 1 through 66 of the Plaintiff's Complaint are incorporated by reference herein as if the same were set forth at length. The averments in Paragraph 67 do not require a response.

68. The averments in Paragraph 68 are denied.

69. The averments in Paragraph 69 are denied.

70. The averments in Paragraph 70 are denied.

WHEREFORE, Defendants, Mt. Oliver Borough and Chief Frank Mosesso respectfully requests this Honorable Court enter judgment in its favor and against the Plaintiff. Further, Defendant respectfully requests that Plaintiff's Complaint be dismissed with prejudice and without costs, and that the Court award Defendant attorneys' fees, costs and any such further relief that the Court may deem appropriate.

**AFFIRMATIVE DEFENSES**

1. Defendants incorporate their previous responses as if fully set forth herein.

2. Plaintiff's Complaint fails to state a cause of action for which relief may be granted.

3. The Plaintiff has failed to state a claim under Title VII against Defendant Mt. Oliver Borough.

4. The Plaintiff has failed to state a claim under the PHRA against Defendant Mt. Oliver Borough.

5. The Plaintiff has failed to state a claim under the PHRA against Defendant Mosesso.

6. The Plaintiff has failed to state a claim under 42 U.S.C. § 1983 against Defendant Mosesso.

7. The actions alleged by the Plaintiff, even if true, were done not "because of" the Plaintiff's sex or gender.

8. The Defendants, at all times, acted in compliance with the Title VII, the PHRA, and any other relevant laws and regulations.

9. The Plaintiff's claims are barred to the extent that they were not filed within the applicable statutes of limitation and/or administrative filing periods.

10. The Plaintiff's claims are barred, in whole or in part, by the principles of waiver and/or estoppel.

11. Plaintiff's claims are barred, in whole or in part, due to her prior settlement agreement with the Defendants.

12. The Plaintiff's claims are barred to the extent that the Plaintiff failed to timely and properly exhaust all necessary administrative, statutory and/or jurisdictional prerequisites for the commencement of this action.

13. The federal discrimination claims are barred to the extent that they were not alleged or encompassed within the administrative charge filed by the Plaintiff, or the administrative investigation thereof.

14. The PHRA discrimination claims are barred to the extent that they were not alleged or encompassed within the administrative charge filed by the Plaintiff, or the administrative investigation thereof.

15. Plaintiff's claims for various reliefs are barred to the extent Plaintiff has failed to mitigate such alleged damages.

16. Plaintiff is not entitled to punitive or liquidated damages because Defendant at no time engaged in willful discriminatory conduct within the meaning of that statute, and at no time engaged in any discriminatory practice or conduct with malice or reckless indifference to Plaintiff's rights.

WHEREFORE, Defendants, Mt. Oliver Borough and Chief Frank Mosesso, respectfully requests this Honorable Court enter judgment in its favor and against the Plaintiff. Further, Defendant respectfully requests that Plaintiff's Complaint be dismissed with prejudice and without costs, and that the Court award Defendant attorneys' fees, costs and any such further relief that the Court may deem appropriate.

Respectfully submitted,

s/ Dean F. Falavolito
Dean F. Falavolito, Esquire
Pa I.D. No. 92844
BURNS WHITE LLC
Four Northshore Center
106 Isabella Street
Pittsburgh, PA 15212
Phone: (412) 995-3005
Fax: (412) 995-3300
dffalavolito@burnswhite.com
*Counsel for Defendants*